UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>$35,980.00 IN UNITED STATES<br>CURRENCY, SEIZED FROM A USPS<br>PRIORITY MAIL EXPRESS PACKAGE,<br>        Defendant.<br><br>DAVID RODRIGUEZ MOLINA,<br>        Claimant. | Civil Action No.: 1:21-cv-10640- LTS |

## ASSENTED-TO MOTION TO EXTEND THE DISCOVERY DEADLINE AND TO CONTINUE THE JUNE 8, 2022 STATUS CONFERENCE

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, files this assented-to motion to extend the discovery deadline (currently May 31, 2022) by at least forty-five days and to continue the status conference currently scheduled for June 8, 2022, until after the close of discovery. *See* Docket Nos. 42, 43. Under the new proposed schedule, the discovery deadline would be July 15, 2022, with a status conference to follow. As reason for this motion, the government states as follows:

1. On December 21, 2021, the government served document requests on the Claimant, seeking, among other things, copies of his bank account records. The government also noticed the Claimant's deposition for February 8, 2022.

2. On January 13, 2022, the Claimant served answers to the government's documents requests, and indicated that bank records would be obtained. On January 13, 2022, the Claimant also served interrogatories on the government. The government has responded to those interrogatories.

3. On January 26, 2022, counsel for the Claimant notified the government that Bank of America would charge fees for the records, that the Claimant could not afford them, and provided the government with Claimant's account log-in information. The government declined to use that login information, but offered to subpoena the records directly from Bank of America.

4. On February 1, 2022, the government served a subpoena on Bank of America requesting account records for the Claimant's accounts. The government provided a copy of the subpoena to Claimant's counsel, and in the same communication, the government stated that it would not log in as the Claimant but suggested that counsel might be able to do so to obtain the records. Further, the government explained that without the bank records, it would need to reschedule the deposition noticed for February 8, 2022, to another mutually agreeable date. The government also suggested it might need to extend the discovery deadline. On February 2, 2022, counsel for the Claimant acknowledged receipt and stated he had no problem with the continuance.

5. On February 11, 2022, the government received a letter from Bank of America stating that they could not locate the account records based on the information provided in the subpoena. After follow-up, Bank of America said they could locate the bank records with the information provided, and on February 22, 2002, indicated they would try to produce the records by the end of the month.

6. Accordingly, the government, with the assent of the claimant, moved for a forty-five day extension of discovery to April 14, 2022, which the Court granted.

7. After providing additional information to Bank of America, on March 17, 2022, the government received a partial production from Bank of America, which contained credit card statements (which the government provided to the Claimant). The requested savings and checking account information was not produced. After the government followed up by

telephone, Bank of America emailed the government on March 24, 2022, stating that they need additional time to produce documents, up to April 20, 2022.  The undersigned AUSA emailed Bank of America, on March 28, 2022, and called Bank of America, on April 7, 2022, to inquire about the production dates, and was told she would receive further information.

8.     Bank of America produced signatory cards and one month (Feb-Mar 2022) of statements for the accounts in question, which was not the time period requested.  After a law clerk for the U.S. Attorney's Office followed up on the incomplete production, she was told that there was a joint signatory on the account, and the government needed to provide that information.  As there was no other signatory on two of the accounts requested, a law clerk on behalf of the government made numerous follow-up inquiries.   As a result, the undersigned AUSA is informed that the matter has been escalated within Bank of America, and the production should be made today, May 31, 2022.  As of the time of this filing, the government has not received the production.  In the event that the production is not received, or is incomplete, the government will consider next steps.

9.     The government believes that an additional forty-five days will allow it to obtain and review the bank records, confer with the Claimant regarding additional responsive documents, if any, and conduct the deposition of the Claimant (likely by video).

10.    Additionally, the government requests that the status conference on June 8, 2022 be continued to a date after the conclusion of discovery, in accordance with the original schedule set by the Court.  *See* Docket No. 43.

11.    The government has conferred with counsel for the Claimant who assents to this motion and proposed schedule.

WHEREFORE, the United States respectfully requests that the Court enter an order extending the discovery deadline by at least forty-five days until July 15, 2022, and continue the June 8, 2022, status conference until a date after the conclusion of discovery.

                    Respectfully submitted,

                    RACHAEL S. ROLLINS
                    United States Attorney,

By:   /s/ *Carol E. Head*
       CAROL E. HEAD
       Assistant United States Attorney
       United States Attorney's Office
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100

Dated: May 31, 2022       carol.head@usdoj.gov